STATE OF VERMONT

ENVIRONMENTAL COURT

```
                                    }
In re: Appeal of                    }
 William and Shirley Bishop         }        Docket No. 201-10-99 Vtec
                                    }
                                    }
```

DECISION and ORDER

Appellants William and Shirley Bishop appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of West Haven, upholding the Zoning Administrator's decision that their September 1999 application failed to qualify for consideration for a subdivision permit.

Appellants are represented by Paul S. Gillies, Esq.; the Town of West Haven is represented by John S. Liccardi, Esq. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence and the written memoranda and proposed findings, the Court finds and concludes as follows.

Appellants William and Shirley Bishop own approximately 138 acres of land and associated farm buildings in the vicinity of Main Road and Stage Road in the Rural zoning district of the Town of West Haven. The present application, filed in September 1999, involves a 40-acre unimproved parcel, separated from the rest of their land by Stage Road and Main Road. They seek to subdivide it into a 28-acre parcel to be used for a single family dwelling, and a 12-acre parcel to be retained by them for use in connection with their remaining farm acreage. The 12-acre parcel contains a shale pit which Appellants have used for their own use, for driveway surfacing, and as a storage area for manure, which they sell as fertilizer.

Section 302 of the Zoning Regulations requires that in the Rural zoning district the minimum lot size is 25 acres, but allows an exception for lots greater than ten but less than 25 acres in size, if the applicant "demonstrates that the state regulations can be met

1

regarding on-site sewage disposal (Vermont Health Regulations Chapter 5, Subchapter 10) <u>for construction and operation of the requested use</u> for a lot of lesser size. . . ." (Emphasis added).

Section 709 provides that no lot shall be reduced in area so as to make the lot noncomplying as to the lot area, yards, lot width, frontage, coverage or other requirements of the regulations.

Appellants had filed a similar application in May of 1999, which had been denied on the basis that the proposal created a lot smaller than the 25-acre minimum lot size, without a showing of compliance with the state on-site sewage disposal regulations to qualify for the exception in §302. Appellants did not appeal that denial. Rather, they adjusted the boundary between the two proposed parcels by approximately five feet, to ensure that the entire shale pit would fall on their retained land, and filed a new application. They propose that the 28-acre parcel will be sold and used for a single-family dwelling, and that they will retain the 12-acre parcel for its shale pit and agricultural use.

The Town argues that, by failing to appeal the denial of the May 1999 application, Appellants cannot now contest that they must either show compliance with the state on-site sewage regulations for the retained 12-acre parcels or that they must impose deferral of permit language on the retained 12-acre parcel. However, the application before the Court differs from the May 1999 application in that the "requested use" of the 12-acre retained parcel is for the shale pit/agricultural use and not for any use that would require an on-site septic system.
Appellants are entitled to consideration of this new application.

Because of the specific language of §302, we need not address the questions of whether the West Haven Zoning Regulations incorporated by reference the current changes in the state regulations governing on-site sewage disposal, or whether the deferral-of-permit provisions in the Environmental Protection Rules only apply to parcels smaller than 10 acres in size. Rather, we must apply §302 by its terms. Under §302, for a parcel between 10 and 25 acres in size, an applicant must only demonstrate that the state on-site sewage disposal regulations can be met for construction and operation <u>of the requested use</u>.

With regard to the present application, the "requested use" is for a shale pit and associated agricultural use. Appellants have made that clear in the present proceedings, but perhaps failed to make that clear on the application, which does not distinguish between the uses proposed for the two parcels, does not show the building site on the 28-acre parcel and does not make any statement or affidavit that the retained 12-acre parcel is not being proposed for a use requiring sewage disposal.

As no use is being proposed which requires an on-site sewage disposal system, Appellants will have made the "demonstration" required by §302 if they file an amended application to that effect. Upon such filing, the Zoning Administrator should act on the application or forward it to the ZBA for its action, as may be appropriate.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that judgment is hereby entered in favor of Appellants.

Dated at Barre, Vermont, this 10th day of July, 2000.

_____
Merideth Wright
Environmental Judge

3